## TUTTLE and others *v.* GAYLORD.[1]

*(Circuit Court, N. D. New York. July 6, 1886.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—DAMAGES—VALUE OF PATENTED FEATURE MUST BE SHOWN.

When, in a suit for infringement of a patent which covers only one feature of a machine, there is no proof that the profits made by the infringer on the entire machine are due to the patented feature, only nominal damages can be allowed.

Exceptions to Master's Report.

*C. H. Duell,* for complainants.

*J. R. Bennett,* for defendant.

COXE, J. The complainants' patent is not for a harrow, but for a curved tooth, fastened at one end to the frame of the harrow, so that it forms an arch above the plane of the frame, and descends to the ground between the bars, its point inclining forward. *Reed* v. *Chase,* 25 Fed. Rep. 94. Upon the hearing before the master the defendant was required to produce, and did produce, a statement showing the number of harrows purchased and sold, and the prices paid by him to the manufacturers, and received by him from his customers. A copy of the complainants' record was also introduced in evidence. Here the proof closed. The defendant did not appear. The report of the master allows the complainants the entire gross profits upon the defendant's sales, being the difference between what he paid for the harrows at wholesale and sold them for at retail. To this award the defendant excepts.

No proof was offered showing, or tending to show, that the profit realized upon the sales of the harrows was due to the patented feature. No attempt was made to segregate the gross sum so received, for the purpose of ascertaining what proportion was due to the curved tooth, as distinguished from the other parts of the harrow. In the absence of such proof, it is entirely clear, that, in a case like the one at bar, where the patent does not cover the entire machine, but only one feature of it, the complainants can recover nominal damages alone. *Garretson* v. *Clark,* 111 U. S. 121; S. C. 4 Sup. Ct. Rep 291; *Dobson* v. *Hartford Carpet Co.,* 114 U. S. 439; S. C. 5 Sup Ct. Rep. 945.

The exceptions are allowed, and a decree for one dollar, nominal damages, may be entered.

---

TUTTLE and others *v.* LOOMIS and others.

*(Circuit Court, N. D. New York. July 6, 1886.)*

COXE, J. A decree in accordance with the decision in *Tuttle* v. *Gaylord, supra* may be entered in this cause.

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.