## FAY and others *v.* ALLEN.

*Circuit Court, N. D. New York.* March 19, 1887.

1. PATENTS FOR INVENTIONS — INFRINGEMENT—DAMAGES—APPORTIONMENT OF PROFITS.

    Where the claim infringed covers simply and only an improvement upon an existing machine, the damages recoverable as profits realized by defendant from sales of the infringing machine are not the amount realized from such sales, less the cost of manufacture of the machines sold, but only that part of defendant's profits which was derived from the use of the patented improvements.

2. SAME—BURDEN OF PROOF.

    In such a case it is obligatory on the complainant to adduce clear and positive proof apportioning the profits, or equally convincing proof that they should not be apportioned for the reason that the entire market value of the machine sold is due to the invention.

In Equity. On exceptions to master's report.

*Robert H. Parkinson*, for complainants.

*Charles H. Duell*, for defendant.

COXE, J. This action was founded upon two letters patent owned by the complainants. The court decided (*Fay* v. *Allen*, 24 Fed. Rep. 804) that the defendant infringed three of the five claims of the Doane and Bugbee patent, but that he did not infringe the Locke patent. The master has found that the defendant has sold 35 machines containing the features covered by the first three claims of the Doane and Bugbee patent, upon which he has received a profit of $5,542.10. This amount was arrived at by deducting the total cost of the machines from the sum for which they were sold. The defendant excepts to the report, upon the ground that the complainants have failed to distinguish what part of the defendant's profits was derived from the use of the patented improvements.

There is no disagreement as to the law. The dispute arises upon the facts. The complainants concede that they cannot recover the amount found by the master if the claims infringed cover simply and only an improvement grafted upon previously existing spoke-throating machines; but they contend that the patent must be regarded as covering not an improvement, but a new machine, and that the rule of *Garretson* v. *Clark*, 111 U. S. 120, 4 Sup. Ct. Rep. 291; *Dobson* v. *Hartford Carpet Co.*, 114 U. S. 439, 5 Sup. Ct. Rep. 945; *Dobson* v. *Dornan*, 118 U. S. 10, 6 Sup. Ct. Rep. 946; and other like cases,—does not apply for that reason. This proposition is strenuously controverted by the defendant, who insists that the claims cover improvements, and nothing more. The conclusion is reached, not, however, without hesitation, that the defendant's position in this regard is well founded.

Turning to the record and the brief used at final hearing, we find it asserted over and over again by the counsel and expert for the complainants that the patent in question covers improvements which are superadded to the Locke invention. It also appears that the infringing machine contains devices not at all covered by the patent in question. The defendant introduced no testimony before the master, but the complainants proved that other manufacturers had on the market an old-fashioned machine which throats but one side of a spoke at a time, the usual selling price of which was $100. These facts, among others, made it obligatory upon the complainants to adduce clear and positive proof apportioning the profits, or equally convincing proof that they should not be apportioned for the reason that the entire market value of the machine is due to the invention. The record returned by the master is silent upon the first proposition, and is not sufficiently explicit as to the second.

The complainants argue that they are within the rule enunciated in *Manufacturing Co.* v. *Cowing*, 105 U. S. 253. It is true that there are many points of similarity between the two cases, but, as the proof now stands, this authority can hardly be regarded as controlling. The *Cowing Case* was an exceptional one. The patent covered a pump designed for a special purpose in a particular locality. There was no other pump which performed the same functions. The market value of the machine was due solely to the invention. To remove the patented

features was like taking out the heart and lungs of a human being. The machine was dead. It became an inert mass of iron, utterly useless for drawing off the gas from the casing of an oil-well. Vitality could be restored by replacing the parts thus removed, but in no other way.

If similar facts exist in the case at bar, they are not fully disclosed by the record. On the contrary, as one point of dissimilarity, it appears that other spoke-throating machines existed, and were on the market prior to the patent, and up to the time of the accounting. The complainants' combination is undoubtedly an improvement upon the old machines; it does the desired work faster and better; but those who use it should only be required to pay for those improvements which accomplish these results. The old machine could hardly have cost more than the patented machine, and there must have been a handsome profit derived from its sale. If from the profit realized by defendant the profit on the old machine were deducted, the result would furnish some guide for determining the value of the invention. *Maier* v. *Brown,* 17 Fed. Rep. 738. Surely the old machine cannot, without additional proof, be wholly ignored.

The exceptions should be sustained; but as it seems quite likely that the complainants can make the necessary proof, the matter should be referred back to the master to restate the account, confining the recovery to the profits proved to be attributable to the improvements covered by the claims in question, unless the complainants produce satisfactory proof that the entire market value of the machine is due to the patented features.

The expenses of the new reference should be borne by the complainants.