DYK, Circuit Judge,
with whom HUGHES, Circuit Judge, joins, dissenting from the denial of rehéaring en banc.
I respectfully dissent from the court’s decision to not rehear this case en banc. In my view, the panel decision here improperly holds that when lost profits are awarded for patent' infringement, there is no requirement for apportionment between patented and unpatented features, contrary to longstanding Supreme Court authority.
For over a century, it has been established by both the decisions of the Su *1301 preme Court and this court that awards of lost profits or reasonable royalties' for patent infringement must be apportioned between patented and unpatented features. See, e.g., Dowagiac Mfg. Co. v. Minn. Moline Plow Co., 235 U.S. 641, 646-48, 35 S.Ct. 221, 59 L.Ed. 398 (1915); Dobson v. Hartford Carpet Co., 114 U.S. 439, 443-44, 5 S.Ct. 945, 29 L.Ed. 177 (1885); Blake v. Robertson, 94 U.S. 728, 733-34, 24 L.Ed. 245 (1876); Garretson v. Clark, 111 U.S. 120, 121, 4 S.Ct. 291, 28 L.Ed. 371 (1884); Seymour v. McCormick, 57 U.S. (16 How.) 480, 489-90, 14 L.Ed. 1024 (1853); Ericsson, Inc. v. D-Link Sys., Inc., 773 F.3d 1201, 1226 (Fed. Cir. 2014). Indeed, the panel opinion acknowledges that “apportionment is ... necessary in both reasonable royalty and lost profits analysis.” Mentor Graphics Corp. v. EVE-USA, Inc., 851 F.3d 1275. 1287 (Fed. Cir. 2017). At the same time, the case law is also, clear that any award of lost profits .is not appropriate unless the patentee establishes that it would have sold the item but for the infringement. See, e.g., Grain Processing Corp. v. Am. Maize-Prods. Co., 185 F.3d 1341, 1349 (Fed. Cir. 1999). This- but-for requirement is encapsulated in the first and second Panduit factors, which are “demand for the patented product” and the “absence of acceptable noninfringing substitutes,” i.e., alternatives' that could have prevented the patentee from itself making the sale.[1]
The panel here holds that applying the first and second Panduit factors results in the required apportionment. See Mentor, 851 F.3d at 1285 (“[T]h'e absence of non-infringing alternatives ties lost profit damages to specific claim limitations and ensures that damages are . commensurate with the value of the patented features.”). But calling the first and second Panduit factors apportionment “ignore[s] the-ancient wisdom that calling a thing by a name does not make it so.” City of Madison, Joint Sch. Dist. No. 8 v. Wis. Emp. Relations Comm., 429 U.S. 167, 174, 97 S.Ct. 421, 50 L.Ed.2d 376 (1976). In my view, the panel opinion simply does not apportion—even though it purportedly recognizes apportionment’s importance.
The panel cites cases from the Supreme Court and other circuits holding that but-for causation is necessary both for lost profits generally and for an award of lost profits damages in the patent area. See Mentor, 851 F.3d at 1283-84 (citing, inter alia, Aro Mfg. Co. v. Convertible Top Replacement Co., 377 U.S. 476, 84 S.Ct. 1526, 12 L.Ed.2d 457 (1964) and Livesay Window Co. v. Livesay Indus., Inc., 251 F.2d 469 (5th Cir. 1958)). Cases outside the patent area shed little light on this issue, since contracts and tort cases involving lost profits generally do not require appor-tionmént. Although the patent cases relied upon by the panel hold that but-for causation is- required, none remotely suggests that but-for causation and apportionment are- the same thing. And they are not.
Rather, the Supreme Court’s patent cas'es make quite dear that more than but-for causation is required for apportionment. The claimed damages must be apportioned between patented and unpatent-ed features. This principle was established by Supreme Court cases involving both the disgorgement of the defendant’s profits (allowed before 1946) and the recovery of the patentee’s own lost profits (the current *1302 rule). As the panel recognizes, both types of cases are pertinent because “the basic principle of apportionment which they espouse applies in all of patent damages.” Mentor, 851 F.3d at 1283 n.3.
In Seymour v. McCormick, the Court held that
one who invents some improvement ... could not claim that the profits of the whole [invention] should be the measure of damages for the use of his improvement. ... [Likewise,] [w]hen he has himself established the market value of his improvement, ... he can have no claim ... to make the profits of the whole machine the measure of his demand.
57 U.S. (16 How.) at 489-90. In Garretson v. Clark the Court further explained that “[w]hen a patent is ... not for an entire[ ] ... machine or contrivance, the patentee must ... give evidence tending to separate or apportion the defendant’s profits ... between the patented feature and the un-patented features.” 111 U.S. at 121, 4 S.Ct. 291 (emphasis added) (internal quotation marks omitted). And in Dobson v. Hartford Carpet Co., the Court held that it was error to conclude “that the price per yard allowed as damages was the entire profit to the plaintiffs, per yard, in the manufacture and sale of carpets of the patented designs, and not merely the value which the designs contributed to the carpets.” 114 U.S. at 443-44, 5 S.Ct. 945. Finally, in Blake v. Robertson, the Court held that
[t]he complainant made a profit of forty dollars ... [on] the numerous machines he had sold. But inventions covered by other patents were embraced in those machines. It was not shown how much of the profit was due to those other patents .... The complainant was, therefore, entitled only to nominal damages .... It would have been error to give more.
94 U.S. (4 Otto) at 733-34.[2]
So too does our own case law require apportionment for lost profits recovery— particularly where, as here, the patented feature is only part of the infringing product. In Ericsson, we held that “apportionment is required even for non-royalty forms of damages,” including lost profits. 773 F.3d at 1226 (citing Garretson, 111 U.S. at 121, 4 S.Ct. 291).
The panel decision is therefore directly contrary to these cases, the logical foundation for which is readily apparent. Thus, for example, even if “but for” a patented feature the item would not have been purchased, it could be equally true that but for an unpatented feature (or a feature covered by another patent) the item would not have been purchased. Apportionment between features covered by the asserted patents and other features makes eminent sense. The panel makes no such apportionment. Nor do the Panduit factors.
Four other issues reinforce the appropriateness of en banc review.
*1303 First, EVE-USA properly raised the issue of apportionment in district court by seeking to present evidence of apportionment, which the district court excluded. See Appellant Br. 19-20; Appellee Br. 29-30 n.3. Specifically, the district court sustained an objection to exclude the appellant’s damages expert from presenting “a slide about how other features of the sold products were important to customers ... [because] it is really just an apportionment argument when it comes to lost profits.” J.A. 42,241. The district court held that it is “not appropriate ... to say that 90 percent of the purchase price really had nothing to do with the patented feature. That’s apportionment. You can’t do that ... on lost profits.” Id.
Second, in denying a post-trial motion for a new trial, the district court recognized that its failure to apportion was in error. The district court agreed that determining lost profits is “a two-step process,” that satisfying the but-for test of the Pan-duit factors is only step one, and that “there was an error in the trial on that score” to subsequently not determine whether the entire value of the product is attributable to the patented feature. J.A. 42,600.[3]
Third, unlike the panel, the patentee did not suggest that applying the Panduit factors is equivalent to apportionment. Quite to the contrary, the patentee explicitly argued that “the value of the patent is considered as part of the ‘but for’ analysis, not in ... apportionment,” Appellee Br. 33, that “lost profits should not be apportioned,” id. at 32, and that “apportioned lost profits can never adequately compensate a patentee for sales lost as a result of infringement,” id. at 30. In other words, the panel’s effort to equate but-for causation and apportionment is a new theory not even adopted by the patent holder in this case.
Finally, apportionment is an important issue that will likely arise in every future lost profits case.
# # * ⅝ *
Respectfully, Judge Stoll’s opinion (joined by various others) does nothing to rehabilitate the panel opinion. First, the theory that the panel found the application of the Panduit factors to be the same as the entire market value rule is not tenable. Judge Stoll Concurrence at 3-4. The combination of consumer demand and but-for causation (i.e., that customers would not have purchased the product without the two patented features) is not remotely the same as the entire market value rule. Consumer demand for the patented feature and but-for causation may exist (and satisfy the Panduit factors), but this does not mean that other features do not contribute to consumer demand. The entire market value rule only applies if consumer demand is driven by the patented feature. Consumer demand for the patented feature and but-for causation do not establish that consumer demand is only attributable to the patented feature. Consumer demand may also be driven by other features in the product, which may be just as necessary to purchasing decisions, leading to the required apportionment. The panel never says or even suggests that the Panduit factors and the entire market value rule are the same. And the accused infringer here never had the opportunity to address the entire market value rule on the facts of this particular case.
Second, Judge Stoll suggests that the dissent “mischaracterizes” the majority opinion by suggesting that it does not require apportionment when it does. To be sure, the panel says that it is requiring apportionment. But in fact it does not. Instead, it equates consumer demand and *1304 but-for causation with apportionment, contrary to the clear holding of the Supreme Court that the apportionment must be between patented and unpatented features, an apportionment that the panel here rejects. Since the factual findings necessary to satisfy the Panduit factors are a necessary predicate for lost profits, the result here is that true apportionment will never be required for lost profits.
I respectfully dissent from the court’s decision to not rehear this case en banc.

. In Panduit Corp. v. Stahlin Bros. Fibre Works, Inc., 575 F.2d 1152 (6* Cir. 1978), the Six* Circuit held that a patentee can recover lost profits only if it can prove “(1) demand for the patented product, (2) absence of acceptable noninfringing substitutes, (3) his manufacturing and marketing capability to exploit *e demand, and (4) the amount of *e profit he would have made.” Id. at 1156. However, Panduit did not deal with apportionment since *e patent in Panduit is directed to an electrical wiring duct *at constituted the entire product in dispute. Id. at 1155.

. To be sure, Dobson and Garretson both also hold that recovery for all of the profits for a product is permitted if it can be shown that consumer demand is attributable to the patented feature. See Dobson, 114 U.S. at 444, 5 S.Ct. 945; Garretson, 111 U.S. at 121, 4 S.Ct. 291. This rule has become known as the entire market value rule. For the entire market value rule to apply, "the patentee must prove that ‘the patent-related feature is the "basis for customer demand.” ’ ” Lucent Techs., Inc. v. Gateway, Inc., 580 F.3d 1301, 1336 (Fed. Cir. 2009) (quoting Rite-Hite Corp. v. Kelley Co., 56 F.3d 1538, 1549 (Fed. Cir. 1995)(en banc)). When the entire market value rule applies, no apportionment is required. Laser-Dynamics, Inc. v. Quanta Computer, Inc., 694 F.3d 51, 67-68 (Fed. Cir. 2012). Here, however, the panel opinion does not invoke the entire market value rule, and the accused infringer was precluded by the district court from introducing evidence that the entire market value rule is inapplicable. See J.A. 42,241.

. The district court deemed this error harmless. J.A. 42,601.