## DOBSON & Another *v.* DORNAN & Others.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF PENNSYLVANIA.

Argued March 31, 1886.—Decided April 19, 1886.

The specification of letters patent for a design for a carpet, which is accompanied by a photographic illustration, and merely states that the nature of the design is fully represented in such illustration, and claims "the configuration of the design hereunto annexed, when applied to carpeting," sets forth a sufficient description and claim, and the patent is valid.

An interlocutory decree which awards a recovery for profits and ·damages for the infringement of a patent for a design for a carpet, and orders an account of the profits from infringing by the manufacture, use and sale of carpeting bearing the design, and of the damages by reason of the infringement, is not open to the objection that it awards the profits and damages resulting from the making and selling of the carpeting, instead of those resulting from the use of the design.

On the question of the infringement of a patent for a design for carpeting, in a suit in equity, where exhibits of carpets containing the patented and the infringing designs were produced in the Circuit Court, and it decided the question of infringement against the defendant, by the aid of ocular inspection of those exhibits, and, on an appeal by him, those exhibits were not produced in this court, and there was, in the record, testimony tending to show infringement, this court held, that, although there was contradictory testimony, it could not, in the absence of ocular inspection, say that the Circuit Court erred in finding infringement. .

The decision in *Dobson* v. *Hartford Carpet Co.* (114 U. S. 439,) as to the rule of damages in a suit in equity for the infringement of a patent for a design for a carpet, confirmed.

The plaintiff must show what profits or damages are attributable to the use of the infringing design.

The defendant made no profits on the manufacture and sale of carpets containing the infringing design. The plaintiff made a certain percentage of profit on the manufacture and sale of carpets containing the patented design. The defendant's carpets were far inferior in quality and market value to those of the plaintiff. The Circuit Court presumed that the defendant's carpets displaced those of the plaintiff, to the extent of the defendant's sales, and held that the entire profit which the plaintiff would have received, at such percentage, from the sale of an equal quantity of his own carpets of the same pattern, was the proper measure of his damages. There was no satisfactory evidence that those who bought the defendant's cheap carpets would have bought the plaintiff's higher priced ones, or that the design added anything to the defendant's price, or promoted his sale of the particular carpet ; and none to show what part of the defendant's price was to be attributed to the design : *Held*, That the Circuit Court was in error.

The decree was reversed, and the case remanded, with direction to disallow the award of damages, and to award six cents damages, and to allow to the defendant a recovery of his costs after interlocutory decree, and to the plaintiff a recovery of his costs to and including interlocutory decree.

Bill in equity to restrain the infringement of a patent for a carpet design. ·The case is stated in the opinion of the court.

*Mr. Hector T. Fenton* and *Mr. Richard P. White* for appellants.

*Mr. Ludovic C. Cleemann* for appellees.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is a suit in equity brought in February, 1875, by the appellees, trading as Dornan, Maybin & Co., against the appellants, John Dobson and James Dobson, in the Circuit Court of the United States for the Eastern District of Pennsylvania, for the infringement of letters patent No. 6822, for a design for a carpet, granted to Charles A. Righter, August 19, 1873, for $3\frac{1}{2}$ years. The entire specification is as follows: "Be it known, that I, Chas. A. Righter, of the city of Philadelphia, county of Philadelphia, State of Pennsylvania, have invented and produced a new and original design for carpets, of which the following is a specification: The nature of my design is fully represented in the accompanying photographic illustration, to which reference is made. I claim as my invention—The configuration of the design hereunto annexed, when applied to carpeting." The photographic illustration is a six-inch square, containing a single figure or design. The only defence set up in the answer is non-infringement. Issue being joined, proofs were taken, and the case was heard, and in April, 1876, a decree was made finding that the patent was valid and had been infringed, and awarding to the plaintiffs costs and an account of profits and damages before a master, and a perpetual injunction. The master made his report in April, 1882. He found that the defendants had made no profits, and stated thus the contending views of the parties as to the proper rule of damages: "The complainants asked to have awarded to them, as damages and compensation for the injury inflicted upon them, whatever profit the defendants may have made, and also whatever loss they, the complainants, had incurred, which could be measured by the profits that would have accrued to them if they had made the exclusive sales of the carpet, deducting in such case the amount of profits, if any, made by the defendants. The defendants, however, contended that all that the complainants were entitled to was not what they, the defendants, had made or saved on the carpets, but only what they made or saved by reason of the use of the pattern, as compared with what they could have made without it, and, therefore, unless they could sell the carpet bearing the design, at a higher price

than other carpets, whereby they made more or lost less, no profit resulted to them. They further contended, that, unless it was shown by direct evidence that the complainants would have made the sales which the defendants did, had they not infringed, the fact could not be inferred." The master found, that the profit of the plaintiffs consisted in the exclusive use of the invention, and in the monopoly of manufacturing for others to use; that they sold their carpets at from 10 to 15 cents a yard more than the defendants did, and made a profit, in 1874, of $13\frac{3}{4}$ per cent., and in 1875, of $10\frac{3}{4}$ per cent., their average price per yard being more than one dollar; that the defendants might have made an equal profit if they had asked the same prices, and the benefit, gain or advantage to them might be reasonably estimated as equivalent to the money profit they might have made; that it was to be presumed that the defendants' carpets displaced the plaintiffs' in the market; that it was proper to award to the plaintiffs an amount equal to the profits they could have made, in 1874 and 1875, on the carpets made and sold by the defendants, if the plaintiffs themselves had made and sold them; that the defendants made and sold, in 1874, $19,243\frac{1}{2}$ yards, which would have yielded, at $1 a yard, $19,243.50, on which the profits of the plaintiffs, at $13\frac{3}{4}$ per cent., would have been $2645.97; that the defendants made and sold, in 1875, $31,280\frac{1}{2}$ yards, which would have yielded, at $1 a yard, $31,280.50, on which the profits of the plaintiffs, at $10\frac{3}{4}$ per cent., would have been $3362.65; and that, therefore, the plaintiffs had sustained $6008.62 damages by the infringement of the patent.

The defendants excepted to the report, but the court confirmed it, and, in October, 1882, rendered a decree for the plaintiffs for $6128.79, from which the defendants have appealed.

It is assigned for error, that the patent is void on its face, for want of a sufficient description and claim. It was issued under the Act of July 8, 1870, ch. 230, 16 Stat. 198. Sections 71, 72 and 76 of that act provided as follows: " Sec. 71. Any person who, by his own industry, genius, efforts, and expense, has invented or produced any new and original design for a

manufacture, bust, statue, alto-relievo, or bas-relief; any new and original design for the printing of woollen, silk, cotton, or other fabrics; any new and original impression, ornament, pattern, print, or picture, to be printed, painted, cast, or otherwise placed on or worked into any article of manufacture; or any new, useful, and original shape or configuration of any article of manufacture, the same not having been known or used by others before his invention or production thereof, or patented, or described in any printed publication, may, upon payment of the duty required by law, and other due proceedings had, the same as in cases of inventions or discoveries, obtain a patent therefor." "Sec. 72. The commissioner may dispense with models or designs when the design can be sufficiently represented by drawings or photographs." "Sec. 76. All the regulations and provisions which apply to the obtaining or protection of patents for inventions or discoveries, not inconsistent with the provisions of this act, shall apply to patents for designs."

It is contended that § 26 of the Act of July 8, 1870, applies to the present case. That section provides, that, before any person shall receive a patent for his invention or discovery, he shall file in the Patent Office a written description of it, and "particularly point out and distinctly claim the part, improvement, or combination which he claims as his invention or discovery." It is urged that § 26 was not complied with in this case, and that the patent is void because it contains no description, and no proper claim.

But we are of opinion that the description and claim are sufficient. The purport of the description is, that what the photographic illustration represents as a whole is the invention. It is that which is claimed, when applied to carpeting. The design is a pattern to be worked into a carpet, and is within the statute. Claiming "the configuration of the design" is the same thing as claiming the design, or the figure, or the pattern. It is better represented by the photographic illustration than it could be by any description, and a description would probably not be intelligible without the illustration.

In *Dobson* v. *Bigelow Carpet Co.*, 114 U. S. 439, 446, the

claim of the design patent was, " the design for a carpet, substantially as shown." Objection was taken to the form of the claim. But this court said it saw no good objection to the form, and that the claim referred to the description as well as the drawing, in using the word "shown." The drawing there was a photographic illustration of the body and border of the carpet, described in the specification as representing a face view. But the description was merely, that $a$ was an irregular shield-like figure, surrounded by a border embellished by floral decoration; that $b$ $b$ were two irregular figures of the same design, but having a different ground color from $a$, and arranged at opposite sides diagonally of each shield; that $c$ $c$ were tassel-like ornaments, arranged beneath the several figures $a$; that $d$ were bouquets, and there were other floral ornamentations; that the border contained an inner plain stripe $f$, and an outer zigzag stripe $g$, having inwardly projecting semicircular ornaments $h$; that between the stripes $f$ and $g$ were representations of shields resembling the shield $a$, and floral decorations extending over the stripe $f$, as shown; and that the tassel-like ornaments $c$ were also in the border. Unaided by the illustration, probably many different designs might have been drawn, to which the description would have applied; and the description furnished no aid whatever in identifying the design. So, in the present case, the design is sufficiently identified by the illustration, without the aid of any description. In the language of § 72, before cited, the design is sufficiently represented by the photograph.

Undoubtedly the claim in this case covers the design as a whole, and not any part of it as a part; and it is to be tested as a whole, as to novelty and infringement. The answer admits that Righter was the original and first inventor of the design for which the patent was granted, and does not question the novelty of the invention.

Exception is taken to the form of the interlocutory decree, in that, while it awards a recovery for the profits and damages from the infringement of the design, it orders an account to be taken of the profits of the defendants from infringing upon the exclusive rights of the plaintiffs " by the manufacture, use and

sale of carpeting bearing said patented design," and of the additional damages suffered by the plaintiffs " by reason of said infringements." We do not think the decree is open to the objection made. It is not like the decree in *Littlefield* v. *Perry*, 21 Wall. 205, 228. It directs an account of the profits from the infringement. The infringement could be committed only by making, using, and selling carpets containing the patented design; but the profits and damages to be accounted for are described as only those from the infringement.

It is also contended, that the weight of the evidence on the question of infringement was with the defendants. The court below found otherwise. It appears by the record that a piece of carpet, Exhibit No. 2, was introduced in evidence as containing the patented design; and another piece of carpet, Exhibit No. 3, as being the defendants' carpet, alleged to infringe. Those exhibits have not been produced on the hearing in this court, although the brief for the appellants states that the Circuit Court evidently decided the question of infringement with little aid other than ocular inspection of the samples. This court has not the benefit of any such aid. We find, however, in the record, testimony of a witness to the effect that, from his experience as a seller of carpets, he thinks it would be almost impossible for any one who had not seen the two carpets together to tell them apart; and of another witness, that, in his opinion, not one customer in twenty-five would know the difference; and other testimony tending to the same result. While there is evidence contradictory of this, we cannot, in the absence of ocular inspection, take it upon ourselves to say that the Circuit Court erred in finding infringement.

The only remaining question is that of the amount of damages. The master and the Circuit Court proceeded on a view which had been adopted by that court in the three cases adjudged by it, the decrees in which were reversed by this court in *Dobson* v. *Hartford Carpet Co.*, 114 U. S. 439. The present case was decided by the Circuit Court before such reversal. We are of opinion that the decision cited covers all the questions involved in the case at bar, and requires that the final decree in it should be reversed. In the cases in 114 U. S., the

patents being for designs for carpets, it was found that no profits had been made by the defendant, but the Circuit Court allowed to the plaintiff, as damages, in respect to the yards of infringing carpet made and sold by the defendant, the sum per yard which was the profit of the plaintiff in making and selling carpets with the patented design, there being no evidence as to the value imparted to the carpet by the design. This court held that such award of damages was improper, and that only nominal damages should have been allowed. It is not necessary to recapitulate the views set forth in 114 U. S., which controlled that decision. The present case cannot be distinguished.

It is urged that the principle on which damages are to be computed in respect to a patent for a machine, or for an improvement in a machine, or for a process, is not applicable to a patent for a design, because, in a patent for a design, the result is patented, while in the other kind of patent the means are patented; that in the design patent there is no other way of effecting the result, while in the other there generally is: and that, therefore, in the design patent the entire profits or damages on the article containing the design are to be given, while in the other only those belonging to the particular improvement patented are to be allowed. But we think all that is here urged is covered by what was said in the cases in 114 U. S. The plaintiff must show what profits or damages are attributable to the use of the infringing design.

In the present case, the master found that the plaintiffs' profit on their carpets was a certain percentage, and assumed or presumed that the defendants' carpets, which were far inferior in quality as well as in market value, displaced those of the plaintiffs to the extent of the sales by the defendants, and held that the entire profit which the plaintiffs would have received, at such percentage, from the sale of an equal quantity of their own carpets of the same pattern, was the proper measure of their damages. The defendants' carpets were so inferior in quality that they sold them at a much less price than the plaintiffs got for their carpets, and even at those prices the defendants made no profits. Under these circumstances there

can be no presumption that the plaintiffs would have sold their better quality of carpets in place of the defendants' poorer quality, if the latter had not existed, or that the pattern would have induced the purchasers from the defendants to give to the plaintiffs the higher price. On the contrary, the presumption is at least equal that the cheaper price, and not the pattern, sold the defendants' carpets. There was no satisfactory testimony that those who bought the cheap carpets from the defendants would have bought the higher priced ones from the plaintiffs, or that the design added anything to the defendants' price, or promoted their sale of the particular carpet; and none to show what part of the defendants' price was to be attributed to the design.

It does not evade the force of the principle governing the case, that, in arriving at the percentage of profit made by the plaintiffs on their sales, the cost was made up by computing all the items which entered into the production of their carpets. The objection is to taking the whole of that profit as the measure of damages, on the assumption that the whole of it was due solely to the design, and on the further assumption that the plaintiffs would have sold of their higher grade carpets a quantity equal to the cheaper lower grade carpets sold by the defendants.

*The final decree of the Circuit Court is reversed, and the case is remanded to that court, with direction to disallow the award of damages, and to award six cents damages, and to allow to the defendants a recovery for their costs after interlocutory decree, and to the plaintiffs a recovery for their costs to and including interlocutory decree.*

MR. JUSTICE FIELD.—I concur in the reversal of the decree, but am of opinion that the patent was invalid, and that the bill should, therefore, be dismissed.