IN RE MYGATT.

# IN RE MYGATT.

PATENTS; DESIGNS; APPEALS; REJECTION OF CLAIMS; DESCRIPTION.

1. A ruling by an examiner that an applicant for a design patent cannot have a certain claim, but must offer a claim suggested by the examiner, is, in effect, a rejection of the claim, and, if repeated, entitles the applicant to an appeal to the Examiners-in-Chief, under section 4909 of the Revised Statutes (U. S. Comp. St..t. 1901, p. 3390).

2. Although it is the better practice usually, in cases where the Examiners-in-Chief have erred in refusing to entertain an appeal, to require the Commissioner of Patents to direct them to entertain the appeal, yet, in cases of general public interest, and where the case, if sent back, would undoubtedly come up again, this court will itself entertain an appeal from a decision of the Commissioners upholding the action of the Examiners-in-Chief.

3. The question whether a description in a design case is a proper one is

D. C.]                            Opinion of the Court.

not reviewable in the court of appeals, except in an extraordinary case.

4. While a claim for a design patent, reciting, "substantially as shown," or, "as shown and described," and accompanied by a drawing, is in a large class of cases sufficient, and is, in most cases, better in form than a detailed description (following *Re Freeman*, 23 App. D. C. 226), yet there are cases where such detailed description is not only permissible, but necessary.

No. 313. Patent Appeals. Submitted November 20, 1905. Decided December 12, 1905.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting an application for a design patent.

*Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. Melville Church* for the appellant.

*Mr. John M. Coit* for the Commissioner of Patents.

Mr. Justice DUELL delivered the opinion of the Court:

This purports to be an appeal from the decision of the Commissioner of Patents refusing to allow letters patent to the appellant, Otis A. Mygatt, for a new and original design for reflectors.

At the threshold we are met by the contention that the decision appealed from was not a rejection of the claim, but rather that it was a requirement that certain descriptive matter in the specification be canceled and the claim changed as to form.

The record discloses that the Examiner, referring to the claim, in his action upon the application notified appellant that "it is also unnecessary to furnish a description of a design, in view of the decision of the Commissioner in *Ex parte Goldsmith, supra.* It has been held that the claim should be for the article as shown. Applicant's claim omits the words "as shown," and is improper as being in specific terms, and therefore is not a proper claim in

a design case. The claim should be amended to read as follows: *The ornamental design for the reflector, as shown.*

"In the further prosecution of this application exhibit is required."

The applicant thereupon took issue with the Examiner, insisting upon a claimed statutory right to describe his design and that his claim complied with the law. A model was thereafter filed as required, and the Examiner again acted upon the case, saying in part: "All the description of the design following the brief description of the figure of the drawing should also be canceled in view of the decision cited above. All of the preamble to the claim, except the words 'I claim,' should be canceled. The claim should be amended to read as follows: 'The ornamental design for a reflector, as shown.' "

Applicant made reply, amending to cure certain formal defects, but still insisting that no line drawing could correctly illustrate his design, and that he had endeavored to describe his design as he considered the statute required. The Examiner replied: "The amendment of the 8th instant curing certain formal objections has been incorporated. The other objections, fully set forth in office letter of the 2d instant, not having been cured, are repeated. The application is in condition for petition to the Commissioner."

This brings us face to face with the question whether applicant's remedy was by petition to the Commissioner of Patents, as provided by Rule 145 of the Rules of Practice of the Patent Office, or by appeal to the Examiners-in-Chief in accordance with section 4909 of the Revised Statutes (U. S. Comp. Stat. 1901, p. 3390), and Patent Office rules 133 and 134. That there had been the two actions prerequisite to the right to petition the Commissioner is admitted by the Examiner, and just as certainly there had been the two actions prerequisite to an appeal to the Examiners-in-Chief, provided those two actions were rejections of the claim, as the amendment of the claim as originally presented was not an amendment in matter of substance.

The applicant, contending that the actions were rejections of

his claim as presented, took an appeal to the Examiners-in-Chief. That tribunal dismissed the appeal on the ground that it was not taken from a second rejection of the claim, but from certain objections to the description, etc., made by the Examiner.

Applicant thereupon appealed to the Commissioner in person, who, holding that the action of the Examiners-in-Chief seemed to him well founded, nevertheless proceeded to decide the matter as though it had come to him by way of petition, and not by appeal. Making no reference to the claim, he affirmed the action of the Examiner that a description in the case was unnecessary.

We consider that the Examiners-in-Chief erred in not entertaining the appeal. When an applicant for a design patent presents a claim, and the Patent Office says you cannot have that claim, and you can have no claim but the one we suggest, such ruling is, in effect, a rejection of the claim persented; and, if the applicant persists in his demand for the claim as presented by him, he is, if the Patent Office persists in refusing the claim, entitled to an appeal to the Examiners-in-Chief under section 4909 of the Revised Statutes. It is of no moment what the actions are called.

The Examiner, in effect, rejected the claim twice for a claim was presented and insisted upon, and twice the Examiner refused it, and said you must take a claim reading "the ornamental design for a reflector, as shown."

Such an insistence, at least in a design application, is something more than an objection to the form of the proposed claim. It may be, and, if we were called upon to decide, we doubtless would hold, that the claim proposed by the Examiner, or one that included the words "and described," would be better in form in most cases and one that would give an applicant greater protection. Re Freeman, 23 App. D. C. 226. Such a form of a claim has been held good in a design case by the Supreme Court. Dobson v. Bigelow Carpet Co. 114 U. S. 439, 29 L. ed. 177, 5 Sup. Ct. Rep. 945; Dobson v. Dornan, 118 U. S. 10, 30 L. ed. 63, 6 Sup. Ct. Rep. 946. We however do not construe these cases as holding that such claims are the only ones permissible, or that the Commissioner of Patent's action in insisting upon

such a form is not reviewable by appeal.    Manifestly a descriptive claim in some cases is better, and a refusal to allow such a claim is a rejection of a claim and reviewable on appeal.    As we have said, we think the Examiners-in-Chief erred in not entertaining the appeal, and, while the better practice would be to require the Commissioner, by proceedings duly taken, to direct them to entertain the appeal, we have decided to entertain the appeal for the double reason that a question of general public interest is involved and because by so doing we can save unnecessary time, expense, and labor to the parties involved, as we are so clearly of the opinion that the actions of the Examiner were rejections of the claim.    No good purpose would be subserved by dismissing the appeal when in the end we would take jurisdiction.

Turning now to a consideration of the merits of the appeal, we find on an examination of the specification that there is set forth therein at considerable length a description of the design. We shall not consider the contention between appellant and the Patent Office as to whether the description is a proper one.    That question, except in an extraordinary case, would not be reviewed by us.    If we find that the statutes require, or permit, a written description of a design in the specification, we do not question but that applicants for design patents and those charged by law with the examination of their applications will ordinarily agree without much trouble as to the propriety of the offered description, and that the Commissioner of Patents will do exact and impartial justice to all.

It appears that the specification forming a part of the application when filed contained a description of the design, and the claim pointed out with a considerable degree of particularity the parts which, taken together, constitute the design.    It is not questioned that the uniform practice of the Patent Office and its rules, from 1836, the date of the enactment of the first statute providing for the grant of patents for designs, down to 1904, permitted and provided for a description of the design, and that for the most of the time down to at least 1897 the form

of claim recommended included a description of the design, or of a portion thereof.

It would seem that this practice was in consonance with the statutes relating to the grant of design patents.

Section 4929 of the Revised Statutes (U. S. Comp. Stat. 1901, p. 3398), as amended in 1902, was in force when the application in question was filed. It is as follows:

"Section 4929. Any person, who has invented any new, original, and ornamental design for an article of manufacture, not known or used by others in this country before his invention thereof, and not patented or described in any printed publication in this or any foreign country before his invention thereof, or more than two years prior to his application, and not in public use or on sale in this country for more than two years prior to his application, unless the same is proved to have been abandoned, may, upon payment of the fees required by law and other due proceedings had, the same as in cases of inventions or discoveries covered by section forty-eight hundred and eighty-six [U. S. Comp. Stat. 1901, p. 3382], obtain a patent therefor."

In addition to the section last quoted, and to section 4886 therein referred to, section 4933 [U. S. Stat. 1901, p. 3399] provides as follows:

"Section 4933. All the regulations and provisions which apply to obtaining or protecting patents for inventions or discoveries, not inconsistent with the provisions of this title, shall apply to patents for designs."

This section is the same as section 76 of the act of 1870.

It is contended by appellant that, in view of the above requirement, a written description of a design is required, and that the applicant must particularly point out and distinctly claim his invention; and, in this connection, he refers to section 4888 (U. S. Comp. Stat. 1901, p. 3383), as justifying his contention. The section reads as follows:

"Section 4888. Before any inventor or discoverer shall receive a patent for his invention or discovery, he shall make application therefor, in writing, to the Commissioner of Patents, and shall file in the Patent Office a written description of the

same, and of the manner and process of making, constructing, compounding, and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art or science to which it appertains, or with which it is most nearly connected, to make, construct, compound, and use the same; and, in case of a machine, he shall explain the principle thereof, and the best mode in which he has contemplated applying that principle, so as to distinguish it from other inventions; and he shall particularly point out and distinctly claim the part, improvement, or combination which he claims as his invention or discovery. The specification and claim shall be signed by the inventor and attested by two witnesses."

That the law applicable to design patents "does not materially differ from that in cases of mechanical patents," Mr. Justice Brown, then district judge for the eastern district of Michigan, held in *Northrup* v. *Adams,* 12 Off. Gaz. 430, and he then referred to section 4933 above quoted. His ruling was referred to with approval by the Supreme Court in *Smith* v. *Whitman Saddle Co.* 148 U. S. 674, 37 L. ed. 606, 13 Sup. Ct. Rep. 768. It will be noted that Mr. Justice Brown did not expressly state that section 4888 was applicable to design applications. Nor as we read the decision of the Supreme Court in *Dobson* v. *Dornan, supra,* did the Supreme Court hold that section 26 of the act of 1870, which is now section 4888 of the Revised Statutes, was not applicable to design applications. It did, however, hold that the description and claim of the design patent then before it sufficiently complied with the requirements of that section of the statute. The description and claim held to be sufficient read: "The nature of my design is fully represented in the accompanying photographic illustration, to which reference is made. I claim as my invention, the configuration of the design hereunto annexed, when applied to carpeting." Of this the court said: "The purport of the description is, that what the photographic illustration represents as a whole is the invention. It is that which is claimed when applied to carpeting. The design is a pattern to be worked into a carpet, and, is within the statute. Claiming 'the configuration of the design'

is the same thing as claiming the design, or the figure, or the pattern. It is better represented by the photographic illustration than it could be by any description, and a description would probably not be intelligible without the illustration."

We understand this decision to hold that in the case before it the court considered that a reference in the specification to the photographic illustration, forming a part of the application, and the claim for the design for the carpet, was a sufficient description of the design, and that the claim pointed out with sufficient particularity the invention. It does not hold that no further description is permissible at the election of the applicant, or that he may not more particularly point out his invention in his claim. Nor does it hold that, if he had done so, his patent would have been, for that reason, void. Nor does it state that in every case it would hold such a description and such a claim a sufficient compliance with the statute.

In the prior case of *Dobson v. Bigelow Carpet Co. supra*, the court did not hold a design patent void, even when the design related to a carpet, because it contained a fuller description of the design. It did hold that a claim which used the words "as shown" referred to the description as well as to the drawing.

That many, if not a large majority, of designs can be sufficiently disclosed by a drawing, as before stated, we do not question, nor that a claim of the nature suggested to applicant is in general the better form of claim; nevertheless, we are not prepared to hold that this is so in every case.

Attention has been called to the present rules of the Patent Office relating to designs and to the suggested form for the specification and claim of applications for designs. If these rules are to be construed as holding that in no case is any further or other description or form of claim permissible than there stated and as set forth in the suggested forms, then it would seem that the rules would be in conflict with the sections of the statute relating to design patents. We do not understand that the Patent Office so construe them. The Examiner seemed to recognize the propriety of a more detailed description than provided in the forms, and evidently considered that the form of claim suggest-

ed by him was sufficient in the present case. But such suggestion, and a refusal to allow a claim because it contains descriptive matter, cannot be held not to go to the merits of a case, and not to be a rejection of the claim proffered by the applicant.

An examination of the model of the design and the drawing leads us to the conclusion that the design in question relates to that class where a description is not only proper, but necessary, and that the claim should carry a description of the salient features of the design. The Examiners in calling for a model and in consenting to a certain latitude of description, must have considered that the drawing did not sufficiently disclose the design. What is a full, clear, concise and exact description of a design depends upon what the design is. The same is true of the claim. What is a sufficient compliance with the statute which requires that a claim shall particularly and distinctly point out the invention, depends upon the character of the design.

The fiscal reason advanced by counsel for the Patent Office is not entitled to much consideration. The description of a design is short, even when considerable latitude of description is allowed, and undue expansion is within the control of the office. The claim at the most is but a few lines in length. It follows from what we have said that some designs require more extended written description than others in order to comply with the statute, and that claims for such designs may carry into them the salient features of the design. While a claim for a design reciting substantially as shown, or, as shown and described, in a large class of cases is sufficient, we do not think it is in all, and whether or not it be so cannot, under the statutes applicable to the grant of design patents, be held to be within the discretion of the Examiner to the extent of depriving an applicant of a review of such action by means of the appeals provided by law.

The claim presented in the case at bar sets out the salient features of the design. It gives due notice to the public as to what the applicant claims as his invention. It may be that it unnecessarily limits applicant's monopoly, but he evidently thinks not, and, in the absence of any pertinent reference, the

claim, we think, is allowable. A description in accordance with the claim should be permitted.

We think that the decision of the Commissioner of Patents refusing to allow the appealed claim should be and it is hereby reversed.

The clerk of the court will certify this opinion, and the proceedings of the court in the premises, to the Commissioner of Patents according to law.                              *Reversed.*

A motion for a rehearing was overruled January 9, 1906.