### BUSH & LANE PIANO CO. v. BECKER BROS.

(Circuit Court of Appeals, Second Circuit. March 9, 1915.)

No. 192.

1. PATENTS ⟨©⟩328—VALIDITY AND INFRINGEMENT—DESIGN FOR PIANO CASE.
   The Lane design patent, No. 37,501, for a design for a piano case, *held* valid and infringed.

2. PATENTS ⟨©⟩318—INFRINGEMENT OF DESIGN PATENT—PROFITS RECOVERABLE.
   On an accounting for profits for infringement of a design patent for a piano case, complainant is entitled to recover the profits made on the case alone, and not on the piano as a whole.

   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 566–576; Dec. Dig. ⟨©⟩318.
   Accounting by infringer of patent for profits, see notes to Brickill v. Mayor, etc., of City of New York, 50 C. C. A. 8; Clark v. Johnson, 120 C. C. A. 389.]

   Ward, Circuit Judge, dissenting.

On appeal from a final decree of the District Court of the United States for the Southern District of New York entered in an action based upon a design patent for a piano case granted to Walter Lane of Chicago, Ill., July 25, 1905, for the term of seven years. The court found the patent valid and infringed and referred it to a master to assess the amount of damages and profits. The master found that there was due the complainant on account of such infringement the sum of $35,640.61. The final decree was entered on September 9, 1914, in favor of the complainant for $36,541.15. The decision of the District Court is reported in 209 Fed. 233.

John McCormick, of New York City, for appellant.

John J. O'Connell, of New York City, and Willard Schwartz, for appellee.

Before COXE, WARD, and ROGERS, Circuit Judges.

---

COXE, Circuit Judge. The patent, which is commendably short, is as follows:

United States Patent Office.

Walter Lane, of Chicago, Illinois.

Design for a Piano Case.

Specification forming part of Design No. 37,501, dated July 25, 1905.
Application filed June 8, 1905. Serial No. 264,349. Term of patent 7 years.

To All Whom It may Concern:

Be it known that I, Walter Lane, a citizen of the United States, residing at Chicago, in the county of Cook and state of Illinois, have invented a new, original, and ornamental design for piano cases, of which the following is a specification, reference being had to the accompanying drawing, forming part thereof.

The figure is a perspective view showing my new design.

I claim—

The ornamental design for a piano case as shown.

Walter Lane.

Witnesses:
Bertha Lane,
R. J. Jacker.

[1] The drawing of the design shows an upright piano case in the conventional form. The casual observer, unless his attention were particularly directed to the new features, would hardly be able to distinguish the patented design from many of the designs found in the prior art. However, we agree with Judge Hazel in the statement that:

"On comparison with the prior art, because of the configuration of the columns, the paneling, and the substantiality thereof, it is easily distinguishable from other upright pianos."

There are some characteristic features of the design in controversy which distinguish it from those of the prior art although the general contour of the case is alike in all, and several of the cases of the prior art show designs which, to the ordinary purchaser whose attention is not called to details, would seem to embody the principal features of the design of the patent. Nevertheless, having in mind the rule applicable to design patents, we cannot say that it is anticipated or void for lack of patentability.

We also think that infringement is clearly shown and upon the two questions of invention and infringement we do not deem it necessary to add anything to the opinion of Judge Hazel.

[2] The question which seems to have received little attention upon the accounting, due probably to the form of the decree, is whether the profits made by the defendant should be the entire profits of the sales of the piano and case or the profits upon the sale of the case which alone is the sole subject of the patent. We are of the opinion that the latter rule should have controlled the accounting.

We assume that the "case" is nothing more than the structure which incloses and holds in position the piano proper, viz., the part which produces the music. The former appeals to the eye, the latter to the ear. Pianos are of different forms and shapes, depending upon whether they are large or small, "upright" or horizontal. A purchaser desiring a piano of a particular manufacturer may have the piano placed in any one of several cases dealt in by the maker. One style of case

may appeal to one purchaser and another style to another purchaser, but the music is the same in each instance. To attribute the sale of 958 Imperial pianos solely to the design of the case which inclosed them seems unwarranted. Such a supposition is unsupported by the proof and involves too violent a presumption to be accepted. What Lane invented was a piano case, not a piano. He received a patent for a "piano case" and not for a piano, but he has recovered the profits on 958 pianos.

There is testimony in the record that the cost of the case is $38 and that the manufacturing cost, including the case, is $118. The complainant has, therefore, been awarded the profits on the piano proper, for which it holds no patent, when its recovery should have been confined to the part which alone is covered by the claim of its patent.

As no attempt was made at the accounting to state with accuracy the amount of profits derived from the case alone, we use these figures only by way of illustration. We are unable, however, to understand why there should be any serious difficulty in computing the profits on the case alone, in view of the fact that Jacob M. Becker, who is the defendant's president, testifies that the defendant does not manufacture the cases used by it but purchases them from others at a cost of $38 for each case.

We cannot resist the conclusion that the large recovery in this case, which we think is out of proportion to the injury done, is due to the fact that it was not at all times kept in mind that the design is not for a piano but for a piano case—an ornamental decorated wooden box in which the piano is placed, but which may be and is sold separate and apart from the music-making apparatus. Of course in many design patents—as, for instance, in Gorham v. White, 14 Wall. 511, 20 L. Ed. 731, and Dominick & Haff v. Wallace, 209 Fed. 223, 126 C. C. A. 317—the design is inseparable from the article to which it is attached, or of which it is a part. A design for a spoon handle, for instance, cannot be separated from the completed spoon and there is justice in the rule which gives the owner of such a design the entire profits made by the sale of the article to which the design has been unlawfully applied. We do not see that the act of February 4, 1887, need be considered here as we understand that there is no serious controversy as to the liability of the defendant for the profits made by infringing cases, if the patent be declared valid. The principal question involved is whether the recovery should be confined to the subject of the patent—a piano case. We have been unable to find an authority where the rule of recovery has been extended to the limits demanded in the present controversy. The master awarded the complainant, as he was perhaps required to do by the decree, the entire net profits in the sale of Becker Bros. pianos contained in the patented case and his report was confirmed by the District Court. Judge Lacombe, who heard the motion to confirm, expressly stated that in his judgment the recovery should be confined to the piano case alone, but thought it proper that the question should be determined by this court. We are clearly of the opinion that the rule adopted, giving the owner of a design patent for a receptacle intended to hold an expensive

article of manufacture the profits made on the sale of the receptacle and its contents, must certainly lead to inequitable results and cannot be sustained. Lane did not invent a piano, but a piano case; the piano could be made to fit as well in a case of entirely different design. When the patent owner is awarded the profits due to his design he receives all he is entitled to. If the rule be established that a design for a case enables the owner to collect damages for the case not only, but for the contents of the case as well, it will lead to results which shock the conscience. A design for a watch case will include the watch itself. A design for a gun case will include the gun, a design for a hat case will include the hat and so on. Indeed, it must logically follow that one who patents a new design for a cigar box may recover the profits made on the cigars which it contains. All that Lane did was to produce a design which added some new ornamental features to the old form of piano case. When he secures the profits made by the seller of that case based on the design itself, he will receive all he is entitled to. It may be noted in this connection that in the case of Untermeyer v. Freund, cited by both parties ([C. C.] 37 Fed. 342; [C. C.] 50 Fed. 77), the subject-matter was a design for watch cases and profits were awarded on the case alone. The question here in issue was not under discussion, but if the doctrine now contended for be the law, a person who patents a new design for a watch case can recover the entire profits made by one who sells a $100 watch in a case worth less than $10.

The decree is reversed with the costs of this court and the cause is remanded to the District Court with instructions to enter a decree based upon the profits due to the defendant's infringement by the sale of piano cases embodying the design of the patent.

WARD, Circuit Judge (dissenting). I cannot agree with the conclusion of the court as to the extent of the complainant's recovery. The value of a design patent is as a seller of the article to which the design is applied. The profits attributable to it cannot be traced as can profits due to greater economy, durability, or efficiency in the case of other patents. So long as the law required the owner of a design patent to do this, he could get only a nominal recovery. It was to correct this rule as laid down in Dobson v. Dornan, 118 U. S. 10, 6 Sup. Ct. 946, 30 L. Ed. 63, that Congress enacted chapter 105, Laws 1887. Untermeyer v. Freund (C. C.) 50 Fed. 77. The act gives the patentee $250 as a penalty, and in case the total profit from the manufacture or sale of the article to which the design "has been applied" exceeded that sum, then all the profits in excess thereof. The alternative was either to give the design patentee nothing or to give him all the profits. The latter rule is no doubt hard, but no more so than that which requires the infringer of a copyright to account for all the profits of his publication when the profits due to the infringement cannot be separately ascertained. Callaghan v. Myers, 128 U. S. 617, 9 Sup. Ct. 177, 32 L. Ed. 547. It is necessary if the owner of the copyright is to have any protection at all. It is true that the patent under consideration is for a design for a piano case, but the article which the complainant

manufactures and sells is a piano and the article to which the design is applied is a piano. The complainant neither manufactures the case nor sells it separately. I think it is therefore entitled to all the profits derived from the sale of pianos in the case.