257 So.2d 332

Kathryn C. COOPER

v.

Melvin BAILEY, Sheriff of Jefferson County, Alabama, et al.

6 Div. 836.

Supreme Court of Alabama.

Jan. 27, 1972.

Corretti, Newsom, Rogers & May, and Jimmy S. Calton, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Charles H. Barnes, Asst. Atty. Gen., for appellees.

PER CURIAM.

The appellant in this case, Mrs. Cooper, sought and obtained from the court below a temporary injunction enjoining the sheriff of Jefferson County and others from arresting her or any employees of the Midfield Theatre for showing a motion picture entitled "I am Curious (Yellow)". Respondents filed a motion to dissolve the temporary injunction and answer. The matter was set for hearing on affidavits from more than two dozen people who said by affidavit that they had seen the motion picture, and were familiar with or had had explained to them the tests set down by the Supreme Court of the United States as to what constitutes obscenity, etc. Some of the affiants said that the motion picture had high artistic value, was not predominently sexual in content, did not appeal to the prurient interests in viewers and did not offend the standards of morality in the community. Others said that the motion picture was without any of the qualities which the Supreme Court of the United States has said are subject to the protection of the Constitution of this country.

Judge Ball viewed the motion picture and concluded:

"This cause coming on to be heard upon the Respondents' Motion to Discharge, Motion to Dissolve, and Motion to Dissolve on Sworn Answer, and all parties being present in Court, by and through their counsel, and the Court having read and understood the verified Bill of Complaint, Sworn Answer, and Affidavits filed by Complainant in support of the verified Bill of Complaint, and the affidavits in support of Respondents' Motion, and the Court, having looked at and viewed this picture film (I am Curious (Yellow)), the Court is of the opinion that the Motion to Dissolve and the Motion to Discharge should be granted and it is the opinion of the Court that the movie is obscene according to the community standards of the Bessemer Division of this County.

**86**

"IT IS THEREFORE, CONSIDERED, ORDERED, ADJUDGED, AND DECREED by the Court, as follows:

"1. That the motion picture film 'I am Curious (Yellow)' is hereby determined by this Court to be obscene according to contemporary community standards.

"2. That the temporary writ of injunction heretofore entered in this cause is hereby discharged."

From that decree this appeal was taken.

We are not here concerned with the question as to whether or not the temporary writ of injunction was subject to being dissolved rather than discharged. The only contention made by appellant is that the court below erred in determining that the movie in question is obscene. As indicated, some affiants said it was a fine film, while others said it was obscene. Obviously the film itself is the crucial evidence on the question of its obscenity or not. As heretofore indicated, the trial judge looked at and viewed the film. It is not before us, not having been included with the transcript of the proceedings below.

Over and over this court has held that where there was evidence before the trial court, and not before us, which may have influenced it in arriving at the conclusion it reached, we will not disturb the trial court's findings. Eaton v. Shene, 282 Ala. 429, 212 So.2d 596, and cases cited.

Since we do not have before us all the evidence that was before the trial court, we need not endeavor in this instance to fathom and reconcile the various expressions of the opinions on this general subject from the Supreme Court of the United States and other courts, state and federal, or to consider whether the trial court correctly applied the "community standards of the Bessemer Division of this county" rather than national standards.

This court does not decide questions which are unnecessary to the disposition of a case on appeal. News Employees' Benevolent Soc. v. Agricola, 240 Ala. 668, 200 So. 748.

The decree of the trial court is affirmed.

Affirmed.

HEFLIN, C. J., and LAWSON, COLEMAN, BLOODWORTH and McCALL, JJ., concur.