ANDERSON, Justice,
for the Court:
This is añ appeal from the Circuit Court of Hinds County, First Judicial District, wherein Esau Holmes was found guilty of murder and sentenced to life imprisonment.
During the evening of January 18, 1983, a group of men gathered at the Clinton Oil Service Station at the corner of West Ridgeway Street and Livingston Road in the City of Jackson. The crowd included, the appellant, Esau Holmes and George Bulley. At some time during the evening someone bought a bottle of gin from an adjacent store; it was passed back and forth among the crowd. An argument erupted between Esau Holmes and George Bulley over the possession of this gin bottle. The two men began to struggle over the bottle, which fell to the ground and broke. They continued to fight until another man separated them.
There is conflicting testimony as to what happened next. The two antagonists continued to exchange heated words. Holmes asserts that Bulley advanced toward him and shot at him with a pistol. The state’s witnesses say that Holmes was the only one who shot, and that he later placed the pistol in Bulley’s hand. What is known is that the affray ended when Holmes shot and killed George Bulley. Holmes, along with the on-lookers, fled the scene. He was arrested at his home shortly after-wards.
After Holmes was convicted, someone broke into the Office of the Circuit Clerk and removed some of the evidence. These items included two handguns, their cartridges and articles of clothing worn by the defendant and the deceased Bulley.
ASSIGNMENT OF ERROR NO. I
THE STATE OF MISSISSIPPI HAS FAILED TO PROPERLY PROVIDE THE APPELLANT WITH A FULL AND COMPLETE RECORD AS DESIGNATED BY STATUTE.
The appellant correctly states that Mississippi Code Annotated, Section 9-3-27 (1972) requires the Clerk of the Circuit Court to keep custody of the real evidence in a trial, pending the perfection of any appeal to the Supreme Court. He contends that the loss of the real evidence in this case amounts to a failure on the part of the state to preserve the record, with the effect of denying appellant his right to appellate review. There is no suggestion of negligence or intentional wrongdoing on the part of any state official in connection with the loss of this real evidence.
Mississippi has no rule applying directly to the loss or theft of real evidence on appeal, but one such case did reach the United States Supreme Court. Dobson v. Dornan, 118 U.S. 10, 6 S.Ct. 946, 30 L.Ed. 63 (1886), was a bill in equity to enjoin the infringement on a patent on design for carpeting. Carpet samples were introduced as exhibits at trial, but were unavailable on appeal. Far from considering their absence grounds for reversal, the court held that in their absence, the finding of the trial court would not be disturbed. 118 U.S. at 16, 6 S.Ct. at 948-49, 30 L.Ed. at 64-65. State courts have generally taken the same approach. American Dist. Tel. Co. v. Oldham, 148 Ky. 320, 146 S.W. 764 (1912), was a tort action instituted by plaintiff when a telephone pole fell on him. Somehow the post was exhibited before the trial jury, but was not present before the appeals court. It was objected that all the evidence was not present for review. The court replied:
All the evidence is here within the meaning of the rule, [the plaintiff] was also in person before the jury; and the contentions now made were sustained, it would be necessary ... to have the plaintiff before this court when an appeal is taken. The jury is often sent to view the land, or thing in contest, but it has been never supposed to be necessary that this Court should also view it. We must assume that in the absence of the post, that its appearance sustained the testimony of the witness who exhibited it.
148 Ky. at 326-27, 146 S.W. at 767.
For similar rulings see, for example, Cooper v. Bailey, 288 Ala. 84, 86, 257 So.2d *436 332, 333 (1972); Central of Ga. RR Co. v. Burton, 277 Ala. 377, 379, 170 So.2d 812-13 (1965); and Woods v. MacDonald, 326 Mass. 401, 404, 95 N.E.2d 156, 157 (1950).
Further, the appellant suffered no prejudice from the subsequent loss of some physical exhibits introduced at trial. The defense in the case at bar was a claim of self-defense. There is no contested issue of fact upon which any light could be shed by viewing these articles; they were fully examined, explained and described by the testimony and photographs which are made a part of the record to be examined by this Court. Not contested were the facts that the defendant had a gun in his possession, that he shot the victim with that gun, that he surrendered himself and the gun to the police, and that the gun which was introduced was the gun with which he shot the deceased. We see no merit in this assignment of error.
Lastly the appellant contends that the verdict in this case is against the overwhelming weight of the evidence. Examination of the record shows that the state’s evidence in this case was unusually strong; murders are not usually committed in the presence of two disinterested eyewitnesses. There is nothing in the record to indicate the finding of the jury was not completely reasonable.
For the foregoing reasons, we affirm.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P. JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.