**Richard DIVIERO, a single man; Kay Heminger, a single woman, Plaintiffs–Appellants,**

v.

**UNIROYAL GOODRICH TIRE CO., a foreign corporation, Defendant–Appellee.**

No. 96–15933.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 1997.

Decided May 29, 1997.

John E. Osborne, Goldberg & Osborne, Tucson, AZ, for plaintiffs–appellants.

Michael L. McAllister, Phoenix, AZ, for defendant–appellee.

Before: CHOY, BRUNETTI, and FERNANDEZ, Circuit Judges.

CHOY, Circuit Judge:

Richard Diviero and Kay Heminger ("Diviero and Heminger" or "appellants") appeal the district court's grant of summary judgment in favor of Uniroyal Goodrich Tire Company ("Uniroyal" or "appellee"). *Diviero v. Uniroyal Goodrich Tire Co.*, 919 F.Supp. 1353 (D.Ariz.1996). Diviero and Heminger sued Uniroyal for personal injuries arising from an alleged product defect in a Uniroyal tire. Appellants offered expert testimony to prove the tire was defective, however, the district court refused to admit the testimony and granted summary judgment to Uniroyal.

The issues raised on this appeal are: (1) whether the district court abused its discretion by refusing to admit the opinions of appellants' expert, Loren Forney, because they were not helpful to the trier of fact and not reliable; (2) whether the district court erred by applying *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), to Forney's testimony; and (3) whether the district court abused its discretion by placing a higher burden of proof on appellants to show reliability than is required under Arizona law. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 7, 1990, Richard Diviero and Kay Heminger were driving on Route 44 in Missouri when the tread on the right rear tire of the car came off. Diviero, who was driving, lost control of the car, which rolled over two or three times before coming to rest. Both suffered injuries.

Diviero and Heminger filed suit in Arizona Superior Court on May 14, 1992. The case was removed to a United States District Court on June 18, 1992. Uniroyal filed a motion for summary judgment on April 15, 1994, to which appellants timely filed a response.

In November, 1994 the case was reassigned to Judge Roslyn O. Silver and the motion for summary judgment was heard and denied on March 20, 1995. The district court found, on the basis of the testimony of appellants' expert witness, Loren Forney, that a genuine issue of material fact existed as to whether the tire was defective and unreasonably dangerous.

Uniroyal filed a motion to exclude Forney's testimony and then filed a renewed motion for summary judgment. Meanwhile, Judge McNamee had granted summary judgment to the defendants in *Arredondo v. Uniroyal*, D.C. No. CV–93–1708–SMM, a related case, after finding the testimony of the plaintiffs' expert, also Forney, inadmissible.

The district court heard Uniroyal's motion on January 22, 1996 and granted both the motion to exclude testimony and the motion for summary judgment.

Diviero and Heminger timely appealed.

## STANDARD OF REVIEW

A grant of summary judgment is reviewed de novo. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir.1996). The appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.*

## ANALYSIS

Appellants claim the district court erred in refusing to admit the testimony of Loren Forney, a tire analyst. Forney's testimony concerned whether a defect in a Goodrich tire was the cause of the tire's failure. He offered to testify that an adhesion defect caused the steel belts to separate. He planned to discuss other possible causes for belt separation and then dismiss each possibility as the actual cause. The evidence was offered to show that there were no viable causes for the failure of the tire other than a manufacturing or design defect rendering the tire unreasonably dangerous. The district court found that Forney did not qualify as an expert in tire failure analysis and that his testimony was not reliable.

## I. RELIABILITY OF TESTIMONY

The Federal Rules of Evidence take a liberal approach in the admission of evidence. *Daubert*, 509 U.S. at 588, 113 S.Ct. at 2794.

Generally speaking, "[a]ll relevant evidence is admissible," Fed.R.Evid. 402, and relevant evidence is defined as evidence that has "any tendency to make the existence of any fact that is of consequence ... more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Rule 702, which governs the admissibility of expert opinion testimony, states: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Fed.R.Evid. 702. First, Rule 702 requires that the evidence "assist the trier of fact," in other words, that it be relevant. *Daubert*, 509 U.S. at 591, 113 S.Ct. at 2795–96. Second, it demands that the evidence be reliable. *Id.* at 590, 113 S.Ct. at 2795. The district court has the obligation to ensure that the testimony is reliable and will help the trier of fact. Rule 702 demands that expert testimony relate to scientific, technical or other specialized knowledge, which does not include unsubstantiated speculation and subjective beliefs. *Id.*

■ Having considered all of Forney's testimony—his inability to dismiss various other possible causes of the tread-off,[1] his lack of knowledge about adhesion failures generally, and his inability satisfactorily to explain the reasoning behind his opinions, the district court found that Forney's testimony, whether scientific or technical in nature, was unsubstantiated and subjective, and therefore unreliable and inadmissible. Under Rule 702, the district judge found that Forney's opinions were speculative and would not assist the trier of fact, and we agree.

## II. APPLICABILITY OF *DAUBERT*

We need not decide whether Forney's testimony is scientific or technical in nature, and whether *Daubert* applies, because we find that his testimony does not meet Rule 702's reliability standard.

---

1. The court noted that Forney failed to eliminate heat history of the tire in storage as a possible cause of the tread-off.

### III. BURDEN OF PROOF FOR PRODUCTS LIABILITY CLAIM

■ Appellants' claim that the district court abused its discretion by imposing a burden of proof higher than is required by Arizona law for strict products liability claims is meritless. The district court only required appellants to prove, sufficient to allow a trier of fact to reasonably infer it more probable than not, that the tire was defective and unreasonably dangerous. This is the correct standard of proof. *See Dietz v. Waller*, 141 Ariz. 107, 685 P.2d 744, 747 (1984); Restatement (Second) of Torts, § 402A (1965).

AFFIRMED.