MEMORANDUM *
Jereme Lee James appeals his conviction for knowingly concealing unlawfully imported Fiji Island Banded Iguanas (“Fiji Iguanas” or “iguanas”) in violation of 18 U.S.C. § 545, and for knowingly possessing Fiji iguanas traded contrary to the Convention on International Trade in Endangered Species of Wild Fauna and Flora (“CITES”), Mar. 3,1973, 27 U.S.T. 1087, in violation of 16 U.S.C. §§ 1538(c)(1) and 1540(b)(1). We have jurisdiction pursuant *384 to 28 U.S.C. § 1291, and we affirm in part and reverse in part.
James appeals three evidentiary rulings by the district court. We review the district court’s exclusion of James’s alleged “prior consistent statements” for abuse of discretion, Arizona v. Johnson, 351 F.3d 988, 998 (9th Cir.2003), and we affirm. The first proffered statement— which James made to a confidential informant after the United States Fish and Wildlife Service (“FWS”) seized iguanas from James’s home — was properly excluded because it was made after a “motive to fabricate” arose. See United States v. Washington, 462 F.3d 1124, 1135 (9th Cir.2006) (quoting Tome v. United States, 513 U.S. 150, 158, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995)). The other proffered statements, which James made prior to the FWS search and seizure, were also properly excluded because they were not “consistent” with his trial testimony; rather, they were made during the course of a conversation in which James continued to represent that he had smuggled the original iguanas from Fiji.
We also conclude that the district court did not abuse its discretion in admitting the testimony of the government’s expert witness, David Blair. See United States v. Boulware, 558 F.3d 971, 974 (9th Cir.2009). Blair had sufficient specialized experience to testify about Fiji iguanas, as he had been a reptile breeder and trader for over twenty-five years, continued to breed rare iguanas, attended over one hundred reptile trade shows, and had worked with Fiji iguanas on breeding loan from the San Diego Zoo. His testimony regarding the availability of such iguanas in the United States was limited to his own experience, and he did not speculate as to the legality of the iguanas in James’s possession or whether it was legally possible to possess such iguanas. See United States v. Sandoval-Mendoza, 472 F.3d 645, 655 (9th Cir.2006) (noting that experience and specialized knowledge may render expert testimony sufficiently reliable); Diviero v. Uniroyal Goodrich Tire Co., 114 F.3d 851, 853 (9th Cir.1997) (noting that expert testimony may not be based on “unsubstantiated speculation”).
We conclude, however, that the district court erred in excluding the testimony of defense expert Harvey Fischer on the basis of relevance. See Stilwell v. Smith & Nephew, Inc., 482 F.3d 1187, 1192 (9th Cir.2007) (concluding that exclusion of expert testimony on the basis of relevance was in error where there was “a link between the expert’s testimony and the matter to be proved”) (internal quotation marks omitted). James was charged with obtaining and possessing endangered iguanas knowing that they had been traded contrary to law. The parties do not dispute that one may legally possess a Fiji iguana that existed in California prior to listing as an endangered species and which remained within the state.[1] Fischer was prepared to testify that Fiji iguanas existed in the United States prior to their listing as an endangered species and that they bred among themselves. His experience as the former curator of the Los Angeles Zoo’s reptile house was sufficient to qualify him as an expert, and his testimony would have lent support to James’s defense — i.e., that he had lawfully obtained his iguanas in California. Although a government witness testified about the possi *385 bility of legally obtaining iguanas through intrastate trade, there was a notable lack of evidence regarding the actual provenance of James’s original three iguanas, especially since James was acquitted on charges of smuggling the iguanas from Fiji. On this record, we cannot say that the exclusion of Fischer’s testimony was harmless. Mukhtar v. Cal. State Univ., 299 F.3d 1053, 1066-67 (9th Cir.2002), amended by 319 F.3d 1073 (9th Cir.2003) (“If we are unable to say that the probabilities favor the same result and are unsure whether the error was harmless, a new trial is required.”).
AFFIRMED in part, REVERSED in part, and REMANDED for a new trial.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The parties also agree that the progeny of such an iguana may be legally traded within the confines of the state. We do not address these legal issues here as there seems to be no dispute between the parlies, and there is no allegation that the jury was wrongly instructed.